# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:08-CR-582 CAS |
| MOHAMMED BADWAN, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Mohammed Badwan's Motion for Reconsideration filed pursuant to 18 U.S.C. §§ 3553 and 3582, and Rule 35(a), Federal Rules of Criminal Procedure. In support of the motion, defendant Badwan states the Court erred in imposing sentence upon him because although defendant was determined to be in the third tier of culpability of any defendant sentenced, defendants at the equivalent or higher tiers of culpability were sentenced to significantly lower sentences than Badwan and, in fact, did not receive jail time. Defendant asserts that he received a disproportionate sentence when compared to his codefendants and that the Court erred in imposing the sentence based on inadequate or incorrect information. For the following reasons, the motion will be granted.

**Discussion**

Rule 35(a) provides that within seven days after sentencing, a "court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Because the sentence at issue was imposed on March 2, 2010, the Court has jurisdiction to consider defendant's motion.

The eighteen-count indictment in this case charged fourteen defendants, including Mohammed Badwan, with various criminal violations including RICO conspiracy; conspiracy to receive stolen goods; bank fraud; conducting an unlicensed money transmitting business; purchasing, possession and selling contraband cigarettes; wire fraud; transporting monetary instruments and funds to avoid reporting requirements; and conspiracy to structure in order to avoid reporting requirements. Badwan was originally named in two of the indictment's eighteen counts. On November 24, 2009, he pleaded guilty to Count One alleging a RICO conspiracy, and the other count against him was dismissed.

The Pre-Sentence Investigation Report separated the defendants in this case into five groups according to their levels of culpability with respect to the offenses charged in the indictment. (PSR at ¶ 58). Bassam Hisham Hamed was deemed to be the most culpable defendant as the "chief executive" of the enterprise and various criminal activities set forth in the indictment. Next most culpable were Ghandi Hisham Hamed and Said Jarabaa as leaders and directors of other members of the enterprise. Mohammed Badwan and Nael Abdeljabbar were in the third tier of culpability as individuals who oversaw day-to-day operations and acted as agents for the acquisition of stolen property. Defendants Suhail Jarabaa, Mazen Badwan, Ayoub Hisham Hamed and Mahmoud Ghannam, at the fourth tier of culpability, were classified as a mere participant with no leadership or management role in the enterprise. The fifth tier of the least-culpable defendants included Rayqa Jarabaa, Mahir Mohammad, Nayef Lutfeyyah, and Shahrazad Ramadan, all of whom were dismissed from the indictment, and Abdelkarim Badwan, who is currently a fugitive. Thus, of all the defendants against whom charges have been actively pursued, and whom the Court has sentenced or will sentence in this case, Mohammed Badwan is in the second-least culpable group.

Mohammed Badwan was one of the first defendants in this case to be sentenced by the Court. On March 2, 2010, the Court sentenced Badwan to a term of sixteen (16) months incarceration and two years supervised release. At the time of Mohammed Badwan's sentencing, the Court did not have the benefit of subsequently-filed sentencing memoranda which provided additional information concerning the nature and circumstances of the various alleged offenses and the other defendants.

The other defendant who was determined to be at the same tier of culpability as defendant Mohammed Badwan, Nael Abdeljabbar, was sentenced to a term of three years probation. The most culpable defendant, Bassam Hisham Hamed, the alleged "chief executive" of the enterprise, was sentenced to a term of three years probation for the charge of conspiracy to structure in order to avoid reporting requirements; Said Jarabaa, a purported leader and organizer of the enterprise at the second tier of culpability, was sentenced to a term of six months work release followed by eighteen months of supervised release for the charge of RICO conspiracy.[1]

Mohammed Badwan's offense level was approximately that of defendants Bassam Hisham Hamed and Said Jarabaa, but with less culpability according to the government. The Court is not aware of any distinctions in the personal history and characteristics of the latter two defendants which would justify the imposition on them of less severe sentences than that received by Mohammed, notwithstanding their greater culpability in the instant case. In other words, the criminal history levels of defendant Bassam Hisham Hamed and Said Jarabaa are the same as that of Badwan (who has a Criminal History category of I), and neither of the more culpable defendants warranted a reduced sentence by virtue of providing assistance to the Government. In addition to

---

[1] Sentencing proceedings for the other defendant at the second tier of culpability, Ghandi Hisham Hamed, were continued to April 1, 2010.

having no prior criminal history, Mohammed Badwan operated a legitimate business and became a United States citizen legally.

**Conclusion**

Collectively, these factors indicate the Court committed clear error under Rule 35 and/or imposed a sentence that is fundamentally unreasonable pursuant to 18 U.S.C. § 3553, because it sentenced Mohammed Badwan prior to having the benefit of the additional sentencing memoranda and other information referred to above, and thus was not able to be fully apprised of the nature and circumstances of the offense as required by § 3553 (a)(1); the imposition of less severe sentences on co-defendants who are substantially more culpable than or equally culpable to Mohammed Badwan generates unwarranted sentencing disparity in violation of § 3553 (a)(6); and the imposition of a less severe sentence on similarly-situated co-defendants clearly demonstrates that the sentence imposed on Mohammed Badwan is in fact "greater than necessary" to achieve the goals of sentencing in contravention of § 3553's mandate. Defendant Mohammed Badwan's motion for reconsideration, construed as a motion to correct the sentence, should therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Mohammed Badwan's Motion for Reconsideration, construed as a motion to correct sentence is **GRANTED**. [Doc. 615]

**IT IS FURTHER ORDERED** that the Judgment as to Mohammed Badwan is **vacated**. [Doc. 603]

**IT IS FURTHER ORDERED** that resentencing proceedings for Mohammed Badwan shall be set by separate order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of March, 2010.